Wells Fargo Bank, N.A. v Bajnauth (2025 NY Slip Op 04685)

Wells Fargo Bank, N.A. v Bajnauth

2025 NY Slip Op 04685

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-05062
 (Index No. 703672/13)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Joan P. Bajnauth, respondent, et al., defendant.

Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz and Danny Ramrattan of counsel), for appellant.
The Connolly Law Firm, P.C., Mineola, NY (Robert Connolly of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered June 27, 2022. The judgment, inter alia, upon an order of the same court entered September 26, 2019, among other things, granting the plaintiff's cross-motion for summary judgment on the complaint insofar as asserted against the defendant Joan P. Bajnauth, and after an inquest on the issue of the amount due on the mortgage, dismissed the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment in favor of the plaintiff.
In June 2007, the defendant Joan P. Bajnauth (hereinafter the defendant) executed a note in the amount of $1,080,000 in favor of nonparty World Savings Bank, FSB (hereinafter World Savings). The note was secured by a mortgage encumbering certain real property located in Queens. On August 20, 2013, the plaintiff, World Savings's successor by merger, commenced the instant action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer dated October 8, 2013. In May 2018, the plaintiff assigned the mortgage to Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee of MFRA Trust 2016-1 (hereinafter Wilmington).
Thereafter, the plaintiff cross-moved for summary judgment on the complaint insofar as asserted against the defendant. In an order entered September 26, 2019, the Supreme Court, inter alia, granted the plaintiff's cross-motion and directed an inquest on the issue of the amount due on the mortgage.
In a judgment entered June 27, 2022, the Supreme Court, after an inquest on the issue of the amount due on the mortgage, among other things, dismissed the complaint. The court determined that Wilmington, as the plaintiff's assignee, failed to establish the amount due on the mortgage, because it failed to establish that Fay Servicing, LLC (hereinafter Fay), the plaintiff's loan servicer, had the authority to act on its behalf. The plaintiff appeals.
"At an inquest, the plaintiff bears the burden of setting forth a prima facie case as to [the amount due on the mortgage]" (Bobbo Prop. Mgt., Inc. v Faulkner, 235 AD3d 615, 615). Here, under the particular facts of this case, where the only issue before the Supreme Court was the amount due on the mortgage, the plaintiff met its burden in establishing the amount due to it on the mortgage. During the inquest, Michael Paterno, an employee of Fay, testified that the defendant owed the plaintiff the principal sum of $1,478,430.86, and the defendant's payment history, which was maintained by Fay, was admitted into evidence establishing the same. Thus, the evidence and testimony adduced at the inquest established that the defendant owed the plaintiff the principal sum of $1,478,430.86.
Accordingly, we reverse the judgment, reinstate the complaint, and remit the matter to the Supreme Court, Queens County, for the entry of an appropriate amended judgment in favor of the plaintiff.
The parties' remaining contentions either need not be reached in view of the foregoing or are without merit.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court